E. B. NEEL, Appellant,

v.

The STATE of Texas, Appellee.

No. 41934.

Court of Criminal Appeals of Texas.

March 12, 1969.

Thomas Ramey, Jr., Tyler, Boulter & Tunnell by Joe Tunnell, Tyler, for appellant.

Hunter B. Brush, Dist. Atty., William H. Power, Asst. Dist. Atty., Tyler, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

The offense is arson; the punishment, 5 years.

The sole question presented is the insufficiency of the evidence. While an examination of this record reveals no motive for the crime, we have concluded that the following facts sufficiently point toward appellant's guilt so as to require that we do not set aside the jury's verdict.

There is no question as to the fire being of an incendiary origin. Appellant's identity as being the arsonist is the only real question before us.

The fire occurred on Saturday night. On Friday, appellant's wife, who at the time of the trial had divorced him and married another man, called the police to come to their home and arrest appellant for drunkenness, which they did. His wife moved out that night with the intention of leaving him. On Saturday, after his release from jail, his wife came to the house and took away her belongings.

Appellant was a frequent visitor at Martin's garage. On the evening prior to the fire a five gallon gasoline can bearing Martin's name was cleaned for use the next day and left in Martin's garage when he locked up for the night. The next morning when Martin went for the can, it was not to be found. His garage had not been burglarized. During the night the appellant's house burned following an explosion. Martin's can was found setting in the middle of one of the burned house's rooms still containing gasoline. Appellant's brother had a key to Martin's garage and when examined he did not rule out the possibility of appellant gaining possession of the key without his knowledge; he merely said he did not give the key to appellant.

Several days later, when appellant and his brother were at Martin's garage, when Martin was "raising sand about (the) gas can disappearing like that", appellant told Martin "if I (Martin) would hush about the gas can he (appellant) would get me another." Martin testified that appellant did get another gas can and that it had gas in it when appellant brought it to him.

When Mrs. Martin heard about this incident, she reported the matter to an insurance adjuster and to the Fire Marshal.

While there was some conflict in the testimony of the several witnesses, the jury were authorized to believe from the evidence in this record that appellant had habitually worn his hair long prior to the fire but that immediately thereafter it was very short and one witness described it as having been singed.

Appellant testified to an alibi but made no effort to produce the man he said he had left town with on the night of the fire though he said he had seen him since the fire and before the trial.

Finding the evidence sufficient to support the jury's verdict, the judgment is affirmed.